IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**TOM REYNOLDS**                                                                 **PLAINTIFF**

vs.                                          No. 5:19-cv-5217-PKH

**SILOAM SPRINGS COUNTRY CLUB, INC.**                                    **DEFENDANT**

## ORIGINAL COMPLAINT

COMES now Plaintiff Tom Reynolds ("Plaintiff") by and through his attorneys Lydia Hamlet and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint against Defendant Siloam Springs Country Club, Inc. ("Defendant"), and in support thereof, does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiff brings this action against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.  Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee as a result of Defendant's policy and practice of failing to pay Plaintiff proper minimum and overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3.  Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims.

6. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Fayetteville Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this district and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to minimum wage and overtime violations alleged in this Complaint reside in this District.

10. Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff Tom Reynolds is a citizen and resident of Benton County.

13. Plaintiff worked for Defendant as a groundskeeper within the three (3) years preceding the filing of this Complaint.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and AMWA.

15. Defendant is a nonprofit, domestic corporation, serving as a social and recreational venue for its members.

16. Defendant's annual gross receipts or business done was not less than $500,000.00 in each of the three years preceding the filing of this Complaint.

17. Defendant's employees, including Plaintiff, handle and use goods and materials that have moved in interstate commerce, such as gardening tools and fertilizer.

18. During the two (2) years preceding the filing of Plaintiff's Original Complaint, Defendant continuously employed at least four employees, including Plaintiff.

19. Defendant's principal address is 801 North Country Club Road, Siloam Springs, Arkansas 72761.

20. Defendant's registered agent for service of process is Johnathan Dorsey, 600 Mimosa Street, Siloam Springs, Arkansas 72761.

21. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was at all times relevant to this Complaint Plaintiff's employer.

### IV. FACTUAL ALLEGATIONS

22. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

23. Plaintiff has worked as a groundskeeper for Defendant off and on for several years, most recently from approximately May of 2015 until September of 2019.

24. Plaintiff was classified as a salaried employee for the duration of the relevant time period.

25. Upon commencement of work for Defendant, Plaintiff did not sign any contract of employment setting forth his hours or wages.

26. In performing his services for Defendant, Plaintiff was not required to utilize any professional education relevant to his job duties.

27. Plaintiff's primary duties as a groundskeeper were watering, mowing, and otherwise maintaining Defendant's golf course.

28. During his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

29. Plaintiff did not select any employees for hire, nor did he provide any formal training for any employee.

30. Plaintiff had no ability to hire and fire any employee.

31. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

32. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business.

33. Plaintiff did not have any responsibility for planning or controlling budgets.

34. Plaintiff was paid $440.00 per week.

35. Plaintiff worked fifty (50) to fifty-five (55) hours each week in the summer and forty (40) hours each week, plus four (4) to eight (8) hours every other Saturday, for the rest of the year.

36. Defendant knew or should have known how many hours Plaintiff worked because Defendant assigned the work and supervised Plaintiff.

37. Plaintiff's hourly rate was less than the applicable $9.25 minimum wage during weeks when he worked in excess of forty-eight (48) hours.

38. Plaintiff did not receive an overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) per workweek.

39. Plaintiff and Defendant had no agreement that his salary was intended to cover all hours worked.

40. Plaintiff worked more than forty (40) hours in many workweeks while employed by Defendant.

## V. FIRST CLAIM FOR RELIEF
### (Violation of FLSA)

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above as if fully set forth herein.

42. Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

43. Defendant deprived Plaintiff of overtime compensation for all hours over forty (40) per week in violation of the FLSA.

44. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial Complaint.

46. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Violation of the AMWA)

47. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

49. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

50. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

51. Defendant failed to pay all wages owed, as required under the AMWA.

52. In many workweeks, Plaintiff's effective hourly rate of pay amounted to less than the applicable minimum wage.

53. Despite the entitlement of Plaintiff to payment of lawful overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium.

54. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendant is liable to

Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorneys' fee provided by the AMWA for all violations which occurred within the two (2) years prior to the filing of this Complaint.

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tom Reynolds respectfully prays for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff and the Court for all hours worked by Plaintiff and all monies paid to him;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E. Judgment for all unpaid minimum wages and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*

F. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

G. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TOM REYNOLDS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com