IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**THOMAS REYNOLDS**                                                      **PLAINTIFF**

vs.                                   No. 5:19-cv-5217-PKH

**SILOAM SPRINGS COUNTRY CLUB,**                      **DEFENDANTS**
**INC., THE COURSE AT SAGER'S**
**CROSSING, LLC, and JONATHAN SELF**

<u>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR**</u>
<u>**COSTS AND ATTORNEYS' FEES**</u>

## I.        INTRODUCTION

Plaintiff brought this case under the FLSA, 29 U.S.C. § 201, *et seq*, and the
AMWA, Ark. Code Ann. § 11-4-201, *et seq*., to recover unpaid wages. Plaintiff obtained
some of the most experienced wage counsel in the United States, who took the case
without requiring any up-front payment from Plaintiff. Plaintiff's counsel (hereinafter
"SLF") not only shouldered all costs and faced the risk of receiving nothing if the case
was unsuccessful, but also faced the risk of receiving less than their *actual* fees even in
the event of success, depending on what this Court deems to be reasonable. Plaintiff
pursued this case diligently, engaging in motion practice, settlement negotiations and
making appropriate litigation decisions as the case progressed. Plaintiff's efforts
ultimately resulted in a settlement between the parties that reserved the issue of
reasonable attorneys' fees and costs for this Court.

On February 9, 2021, the Court entered an Order (ECF No. 39) granting the Joint
Motion for Approval of FLSA Liability Settlement (ECF No. 37) and directing Plaintiff to

Page 1 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

file a motion for attorneys' fees within 14 days after the entry of judgment if the parties were unable to reach an agreement regarding attorneys' fees. The Court also entered Judgment (ECF No. 40) on February 9, 2021. For the reasons stated below, Plaintiff respectfully asks the Court to award fees of $16,785.00 and costs of $1,095.00.

## II.   LEGAL STANDARD

### A.   This Court has Authority to Award Fees Under the FLSA and AMWA that Far Exceed the Damages Obtained for the Plaintiff.

Under the FLSA, an award of reasonable attorneys' fees and costs to the prevailing party is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) ("An award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge."). Congress enacted the fee-shifting provision of the FLSA "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *see also* 29 U.S.C.S. § 202 (LEXIS 2015) (stating intent to protect workers).

Compensating plaintiff's attorneys, who act as private attorneys general lending their unpaid work to society, furthers Congress's public policy goals under the FLSA, which is to protect workers from unfair labor practices, as stated:

> The design of the Fair Labor Standards Act is intended to rectify and eliminate 'labor conditions detrimental to the maintenance of the minimum standard living' for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act.

**Page 2 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501–02 (6th Cir. 1984); *see also* 29 U.S.C. § 202 (stating the purpose of the act). Concordantly, the fee shifting provisions of the FLSA also avoid the need to expend public money that otherwise would be required to fully enforce the provisions of the FLSA. *See United Slate*, 732 F.2d at 501–02; *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999) ("Congress enacted fee-shifting statutes to compensate 'private attorneys general' and thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole.").

The FLSA's fee shifting provision also encourages private litigants to sue for their rights even when the expected monetary recovery is otherwise "too small to attract effective legal representation."  *Quaratino*, 166 F.3d at 426; *see also City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (explaining that discouraging civil rights litigants with meritorious claims but small damages from bringing suit "is totally inconsistent with Congress' purpose"). Thus, fee shifting under the FLSA ensures "effective access to the judicial process."  *Fegley*, 19 F.3d at 1134, *see also Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006) ("tying the attorney's fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court"); *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) ("plaintiff seeks to vindicate important . . . rights that cannot be valued solely in monetary terms") (dealing with civil rights statutes).

Based on these policies, "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees in an FLSA case 'encourage[s] the vindication of congressionally identified policies and rights.'" *See*

Page 3 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

*Fegley*, 19 F.3d at 1134–35; *accord*, *Simpson v. Merchs. & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006) (expressing concern over discouraging litigants with small amounts of damages from pursuing claims in court).

Accordingly, "courts often award attorneys' fees that far exceed the plaintiffs' recovery in FLSA cases":

> *Fegley*, 19 F.3d at 1134–35 (affirming attorney fees of **$40,000 on a judgment of $7,680** for overtime compensation [**5.2 times the amount awarded**]); *Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) (finding no abuse of discretion in award of **$51,750 in attorney fees on a recovery of $4,679** [**11.06 times the amount awarded**]); *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) (affirming **attorney fees of $129,805.50 on $23,357.30 in damages** [**5.5 times the amount awarded**]); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming an **award of $9,250 in attorneys' fees on a $1,181 judgment** for overtime compensation [**7.8 times the amount awarded**]); *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming **$100,000 in attorney fees on a judgment of $18,455** in damages [**5.4 times the amount awarded**]); *Garcia v. Tyson Foods*, 2012 U.S. Dist. LEXIS 170177, 2012 WL 5985561 (D. Kan. Nov. 29, 2012) (awarding over **$3.2 million in attorney fees on a jury verdict of $533,011** in a collective action [**6 times the amount awarded**]); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fl. May 14, 2007) (awarding attorney fees of **$114,021 on a judgment of $3,493.62** [**32 times the amount awarded**]); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313 (M.D. Fl. Dec. 21, 2001) (awarding attorney fees of **$352,225.40 on an FLSA recovery of $21,000** [**16 times the amount awarded**]); *Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 U.S. Dist. LEXIS 5293, 1991 WL 65928, at *1 (N.D. Ill. Apr. 22, 1991) (awarding **$6,922.25 in attorney fees and costs on a judgment of $921**, [**7.5 times the amount awarded**] and noting that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of the judgment in the case").

*Morales*, 2013 U.S. Dist. LEXIS 56501, *21–23 (emphasis added).

In *Ewald v. Royal Norwegian Embassy* the District of Minnesota explained that courts do not reduce fee awards based on proportionality and routinely award an attorney's fee that is higher than the amount recovered for plaintiff. No. 11-CV-2116

**Page 4 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

(SRN/SER), 2015 U.S. Dist. LEXIS 52540, *41–42 (D. Minn. Apr. 13, 2015) ("[C]ourts have found it unnecessary to reduce fee awards proportionate to the results obtained in cases brought under the Fair Labor Standards Act ("FLSA"), of which the EPA is a part, 'as fee awards in FLSA cases are often greater than the amount recovered by the plaintiff.'") (collecting cases).[1]

In fact, courts in the Eastern and Western Districts of Arkansas have awarded fees to the Sanford Law Firm in excess of the amount obtained in numerous cases. Order, *O'Quinn v. Country Inn, Inc.*, No. 6:18-cv-6025 (W.D. Ark. Sept. 24, 2019), ECF No. 53 (awarding $27,222.08 in fees and costs on consent judgment of $6,450.00); *Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-cv-01073, 2019 U.S. Dist. LEXIS 96565 (W.D. Ark. June 10, 2019) (awarding fees of $13,860.00 on settlement to plaintiffs of $1,598.78); Order at 1–2, *Latcham v. U.S. Pizza Co., Inc.*, 4:16-cv-00582-BSM (E.D. Ark. Jan. 24, 2019), ECF No. 128 (awarding $39,593 in attorneys' fees in matter where a verdict was returned in favor of Plaintiff for $280.21 in damages); *Kohli v. Mahesh Investments of Little Rock, LLC*, No. 4:14-cv-283-SWW, 2015 U.S. Dist. LEXIS 194327, at *2, 6 (E.D. Ark. July 21, 2015) (awarding plaintiff $19,130.00 in attorney's fees after a pre-trial settlement of $2,000.00); *Fields v. R.L. Hurst, Inc.*, No. 4:14-cv-137-JLH, 2015 U.S. Dist. LEXIS 151680, at *2, 6 (E.D. Ark. Nov. 9, 2015) (awarding plaintiff $17,244.00 in costs and fees for a pre-trial settlement, where the plaintiffs received $12,500.00).

---

[1]     *See also James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.") (citing *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, at *14 (S.D. Fla. Mar. 10, 2005) (quoting *Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 U.S. Dist. LEXIS 5293, at *1 (N.D. Ill. April 21, 1991) (court awarded approximately $7,000.00 in fees even though the judgment was only $921.00); *see also, Dressler v. Kan. Copters & Wings, Inc.*, No. 09-1016-MLB, 2010 U.S. Dist. LEXIS 141474, *7–8 (D. Kan. Dec. 22, 2010) (finding that proportionality requirement "has no legal basis" in an FLSA case).

Page 5 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

The AMWA also provides that a court may award costs and a reasonable attorney's fee against "[a]ny employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a). Pursuant to Rule 010.14-112 of the Administrative Regulations of the Labor Standards of the Arkansas Department of Labor state that "[t]he department may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of the [AMWA] . . . except to the extent a different interpretation is clearly required."

> **B.    Courts Must Review Time Billing Entries without Hindsight Bias, Awarding Fees for Time Expenditures that Were Reasonably Incurred at the Time they Were Incurred.**

Courts must review time billing entries without hindsight bias, awarding fees for time expenditures that were reasonable to incur at the time they were incurred. Procedurally, a court determines a reasonable fee with a two-step process. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). First, a court first evaluates the fee petition of a prevailing party and determines the "lodestar," and second, determines whether the initial lodestar calculation should be adjusted upward or downward, based on various factors, discussed more fully below *Id.* at 433.

The "lodestar" is "the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed." *West v. Border Foods, Inc.*, 2007 U.S. Dist. LEXIS 43423, 6 (D. Minn. 6/8/2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Reasonably expended" time is supported by "adequate documentation supporting the number of hours claimed." *Gay*

**Page 6 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

*v. Saline County*, 2006 U.S. Dist. LEXIS 76852, 5–6 (E.D. Ark. 10/20/2006). The reasonable hourly rate is "the prevailing rate for similar legal services performed by attorneys of comparable skill, experience, and reputation" in the community in which the litigation is situated. *West*, 2007 U.S. Dist. LEXIS 43423, 6.

The focus is on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures," "not whether hindsight vindicates an attorney's time expenditures" or "whether the attorney won each and every disputed issue." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990); *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

In *Jenkins*, the Court explained that, when calculating a fee award of a prevailing plaintiff, the focus is on whether the time expenditures were reasonable, not whether the attorney won each and every disputed issue:

> A court's focus should not be limited to the success/failure of each of the attorney's actions. Rather, it should be upon whether those actions were reasonable…Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning.

127 F.3d at 718 (quoting *People Who Care v. Rockford Bd. of Ed.*, 90 F.3d 1307, 1314 (7th Cir. 1996) and *Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991)). That is, the key issue in evaluating a fee request is whether a reasonable attorney would have engaged in similar time expenditures at the time the work was performed.

A court should give deference to a lawyer's professional judgment as to how much time was necessary to spend on the case because an attorney is naturally

**Page 7 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

incentivized to work efficiently and reasonably in cases where the attorney remains uncompensated for his or her time until the end of the case. *Moreno*, 534 F.3d at 1112.

Additional principles regarding reasonableness must be remembered. First, a court should give deference to a lawyer's professional judgment as to how much time was necessary to spend on the case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). This principle flows from the fact that an attorney is naturally incentivized to work efficiently and reasonably in cases where the attorney remains uncompensated for his or her time until the end of the case. *See id.* ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee"). Plaintiff's attorneys working under these circumstances expend their time and effort, not knowing whether they will be paid for it, thus they have an incentive to spend as little time on each particular task as is reasonably necessary to competently and diligently carry out the representation. *See id.* That way, if an entire case is ultimately lost, then the loss is not as bad as it would have been had the attorney expended his time inefficiently and unreasonably. *See id.*

Additionally, some duplication and redundancy will occur as part of the process of working on a case over a long period of time, as stated by the Ninth Circuit Court of Appeals:

> [A] competent lawyer won't rely entirely on last year's, or even last month's, research: Cases are decided; statutes are enacted; regulations are promulgated and amended. A lawyer also needs to get up to speed with the research previously performed. All this is duplication, of course,

**Page 8 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

but it's necessary duplication; it is inherent in the process of litigating over time.

*Moreno*, 534 F.3d at 1112.  Further, duplication of work always occurs when a task is stopped and started again, but this does not make it uncompensable:

> [D]uplication always happens when a task is started, stopped and then taken up again later. But necessary duplication--based on the vicissitudes of the litigation process--cannot be a legitimate basis for a fee reduction. It is only where the lawyer does *unnecessarily* duplicative work that the court may legitimately cut the hours.

*Id.* at 1113.

Just as a competent lawyer will not rely on last month's research, a competent lawyer will not rely entirely on his own judgment alone as to how to proceed on a case but will seek the wisdom of co-counsel or other attorneys within their firm. *See* Ark. R. Prof'l Conduct 1.1 (requiring competent representation). Lawyers are ethically obligated to provide competent representation, which explicitly includes reasonable thoroughness and preparation. *Id.*; *cf. Moreno*, 534 F.3d at 1112 (discussing requirement to prepare by performing legal research, even if the research is a duplication of effort). Impliedly then, competent representation includes strategic conferences with and updates to co-counsel regarding the case. Ark. R. Prof'l Conduct 1.1. After all, co-counsel must also be prepared. Ark. R. Prof'l Conduct 1.1.

Other professionals routinely and necessarily share knowledge and insight when carrying out their duties. Doctors speak to other doctors about how to treat certain diseases and combinations of diseases. Judges conference with their clerks, and vice versa, for information regarding the innumerable series of discrete legal issues that are necessary to resolve any one case. Attorneys are no different. They reasonably seek

**Page 9 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

the counsel of other attorneys to discuss the best way to proceed for the benefit of their clients.

Courts have agreed that intra-firm cooperation among attorneys is a way to increase efficiency and avoid overlooking important issues and facts. *Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-cv-1073, 2019 U.S. Dist. LEXIS 96565, at \*11–12 (June 10, 2019) (finding that "the fact that numerous attorneys work collectively on one case is not in-and-of-itself unreasonable and, in some cases, may indeed be more efficient and lead to a reduction in the total number of hours worked on a matter"); *Myers v. Aitkin Cty.*, No. 14-473 (JRT/LIB), 2017 U.S. Dist. LEXIS 44680, at \*7 (D. Minn. Mar. 27, 2017) ("Other circuits have found multiple attorneys billing for intra-firm conferences reasonable."); *United Cent. Bank v. Kanan Fashions, Inc.*, No. 10 CV 331, 2012 U.S. Dist. LEXIS 56130, at \*23–24 (N.D. Ill. Apr. 23, 2012) ("Multiple lawyers, working together, may lead to more efficiency and reduced costs and as long as the meetings are appropriate and necessary and the billing is reasonable, the court will not exclude the hours.") (internal quotation and editing marks omitted); *Bowne of N.Y.C. v. AmBase Corp.*, 161 F.R.D. 258, 268 (S.D.N.Y. 1995) (recognizing that the refusal to award any fees "for intra-firm meeting time is contrary to law"); *Bohen v. E. Chi.*, 666 F. Supp. 154, 157 (N.D. Ind. 1987) (Easterbrook, J.) ("Use of more than one lawyer is common in legal practice[;] [c]onsultation among lawyers ensures that they do not overlook significant facts or inquiries.").

Moreover, the economic realities of plaintiff work incentivize plaintiff's attorneys to be efficient in their conferences with co-counsel. If the plaintiff's attorney loses the case, then the time spent in attorney-to-attorney conferences is wasted and lost. If the

**Page 10 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

attorney wins the case, however, then it is likely due—at least in part—to his or her diligent efforts to consult with other attorneys and make the right strategic decisions.

In awarding fees, a district court must "provide a concise but clear explanation of its reasons for the fee award." *See Hensley*, 461 U.S. at 437; *see also*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible."). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice." *Moreno*, 534 F.3d at 1111. However, "where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id.* (citing *Bogan v. City of Boston*, 489 F.3d 417, 430 (1st Cir. 2007)).

Finally, the burden of identifying unreasonable billing can be placed on the shoulders of the losing party because it has both the incentive and the knowledge of the case to point it out. *Id.* at 1116. If the losing party "cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." *Id.*[2]

If courts ruthlessly slash fees based upon the opposing side's self-serving arguments, then they will discourage attorneys from taking cases where damages are not "high enough," regardless of their merits. *See Quaratino*, 166 F.3d at 426 (noting that the FLSA's fee-shifting provision encourages private litigants to sue for their rights even when the expected monetary recovery is otherwise "too small to attract effective

---

[2] The Ninth Circuit defined a "haircut" as a cut of no more than ten percent. *Id.* at 1112.

Page 11 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

legal representation"). This defeats the FLSA's goal of having attorneys act as "private attorneys general."

As for the second step in the process, there is a strong presumption in favor of awarding the lodestar figure. *Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21 (E.D. Ark. Jan. 15, 2014). The presumption of the reasonableness of the lodestar calculation "may be overcome in those *rare* circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at *21–22 (emphasis added).

> Factors to consider in analyzing a reasonable fee include:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Gay*, 2006 U.S. Dist. LEXIS 76852, 7 (quoting *Hensley*, 461 U.S. at 430 n. 3). These are often called the "*Johnson* factors" after *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). "[T]he court need not exhaustively address every factor." *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 882 (N.D. Iowa 2004).

## III.    ARGUMENT

### A.    Plaintiff's Requested Lodestar is Based on Reasonable Hourly Rates and Reasonably Incurred Attorney Time.

As shown on the Billing Spreadsheet attached as Exhibit 1 to Plaintiff's Motion for Costs and Attorney's Fees, Plaintiff incurred $30,582.50 in attorneys' fees in the course

**Page 12 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

of litigating his claims. After exercising billing judgment to identify certain fees that should be deducted as explained below, Plaintiff is requesting an award of $16,785.00 in attorneys' fees. SLF's hourly rates are reasonable and the attorneys' fees incurred were necessary and reasonable to the prosecution of this case. By attaching thorough, contemporaneous records of SLF's attorneys' time to Plaintiff's Motion, Plaintiff has submitted adequate documentation supporting the number of hours reasonably expended in litigating this matter.

SLF attorneys maintained detailed, contemporaneous records of their time spent working on this case. Ex. 2, Decl. Sanford ¶ 29; Ex. 1, Billing Spreadsheet. Each task reflected in the records was necessary to the successful resolution of this matter, and the time spent on each task was reasonable. Decl. Sanford ¶¶ 29–30. A chart detailing the lodestar amounts for staff members and each individual attorney, and their self-imposed reductions, is set forth below: [3]

| Billed By | Actual Time | Actual Charge | Rate | Time Claimed | Amount Claimed | % Reduction |
|---|---|---|---|---|---|---|
| Anna Stiritz | 0.4 | $100.00 | $250.00 | 0.0 | $0.00 | 100.00% |
| Josh Sanford | 11.4 | $3,705.00 | $325.00 | 3.0 | $975.00 | 73.68% |
| Law Clerk | 13.7 | $1,370.00 | $100.00 | 11.0 | $1,100.00 | 19.71% |
| Lydia H. Hamlet | 63.8 | $15,950.00 | $250.00 | 40.8 | $10,200.00 | 36.05% |
| Paralegal | 5.3 | $530.00 | $100.00 | 2.5 | $250.00 | 52.83% |
| Samuel Brown | 7.9 | $1,777.50 | $225.00 | 5.0 | $1,125.00 | 36.71% |
| Stacy Gibson | 4.5 | $1,125.00 | $250.00 | 2.3 | $575.00 | 48.89% |
| Staff | 2.5 | $150.00 | $60.00 | 1.0 | $60.00 | 60.00% |
| Steve Rauls | 7.6 | $1,900.00 | $250.00 | 0.0 | $0.00 | 100.00% |
| Vanessa Kinney | 15.9 | $3,975.00 | $250.00 | 10.0 | $2,500.00 | 37.11% |
| Grand Total | 133.0 | $30,582.50 | | 75.6 | $16,785.00 | 43.16% |

---

[3]     The individual charges underlying the chart reflecting individual attorneys' lodestar amounts are contained in the Billing Spreadsheet (Ex. 1). The "% Reduction" column represents reductions made in billable hours.

Page 13 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

The Eighth Circuit has not directed this Court to interpose its own opinion about what hourly rates for attorneys should be but instead has directed the district courts to determine, as best they can, what the market is saying are the reasonable hourly rates for attorneys. The hourly rates charged by SLF are reasonable and in line with, or less than, the rates for attorneys engaged in similar practices in the Fayetteville, Arkansas, area as well as rates previously awarded by district courts in the Eastern and Western Districts of Arkansas. SLF took this information into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 22–23, 27–28.[4] There is no group of attorneys within 600 miles of Little Rock who have experience comparable to SLF in wage litigation. Decl. Sanford ¶ 8. Including cases currently being prosecuted throughout the country today, SLF has prosecuted over 1,000 wage cases in federal and state courts and in arbitration proceedings. *Id.*

Josh Sanford's rate of $325.00 was awarded more than two years ago in *Latcham v. U.S. Pizza Company, Inc.*, No. 4:16-cv-582-BSM (E.D. Ark. Jan. 24, 2019). This same rate has been awarded in the Western District. On May 8, 2019, the Honorable Leon Holmes refused to reduce Mr. Sanford's rate from his request of $325.00 per hour in view of the fact that he was not requesting payment for all of his

---

[4]        *See also Murdock v. McNair*, No. 5:17-CV-05225, 2018 U.S. Dist. LEXIS 204140, at *5–6 (W.D. Ark. Dec. 3, 2018) (approving hourly rate of $325 per hour for attorney Josh Sanford following voluntary reductions in billing that reduced the effective hourly rate to $300 per hour and approving $25 per hour for law clerk); *Aubrey v. Zamam, LLC*, No. 4:17-cv-446-JLH, 2018 U.S. Dist. LEXIS 202207, at *2-3 (E.D. Ark. Nov. 29, 2018) (approving as reasonable the uncontested hourly rates of $275.00, $225.00 and $175.00 for attorneys); *Burchell v. Green Cab Co.*, No. 5:15-CV-5076-TLB, 2016 U.S. Dist. LEXIS 29474, at *4-5 (W.D. Ark. Mar. 8, 2016) (approving over the objection of the defendant the hourly rates of $290.00 for attorney Josh Sanford, $225.00 for other attorneys of Sanford Law Firm, and $60.00 for "staff"); *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (approving the following rates in the FLSA context: $275.00 for partners; $225.00 for associates; and $110.00 for legal assistants); *Madden v. Lumber One Home Ctr., Inc.*, No. 4:10-cv-1162-JLH, 2013 U.S. Dist. LEXIS 183748, at *13 (E.D. Ark. May 22, 2013) (approving as reasonable the uncontested hourly rates of $275.00, $225.00 and $175.00 for attorneys; $100.00 for paralegals; $75.00 for legal assistants).

Page 14 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

actual hours expended. *Coates, et al v. Dassault Falcon Jet Corp.*, No. 4:17-cv-372-JLH (E.D. Ark.). The same reasoning holds here. Not only has SLF reduced total hours, voluntarily, by over 40%, but the rates requested are in line with those previously awarded by this Court.[5] Moreover, the rates requested are in line with those more recently awarded in *Estes v. Christopher Buell*, Case No. 4:18-cv-26-KGB, Doc. No. 50 (E.D. Ark. Filed 05/25/2020) (granting fee petition that included requests for attorney billing at the following hourly rates: $325 for Josh Sanford; $225 for Lydia Hamlet; $190 for Rebecca Matlock; $225 for Steve Rauls; $150 for Tess Bradford).[6] Accordingly, the Court should not for a minute entertain reducing the hourly rates requested.

A breakdown of the hours worked by Plaintiff's counsel into discrete categories further demonstrates the reasonableness of the fees requested. *See Copely v. Superior Logistics Alt., Inc.*, No. 1:10-cv-9-MEF, 2011 U.S. Dist. LEXIS 33841, at *5 (M.D. Ala. Mar. 30, 2011) ("A well-prepared fee petition also would include a summary, grouping time entries by nature of the activity or state of the case."); *Miller*, No. 6:14-cv-6074, Doc. No. 79, p. 3–4 (lamenting the lack of analysis and explanation of an 81-page

---

[5]      *See Cook v. Beemac Foods, Inc.*, No. 2:18-CV-2155, 2019 U.S. Dist. LEXIS 96558, at *5 (W.D. Ark. Jun. 7, 2019) (declaring $250.00 to be a reasonable hourly rate for a FLSA/AMWA case in the Fort Smith area); *Perez v. Mian Enters.*, No. 2:17-CV-2162, 2018 U.S. Dist. LEXIS 183838, at *4 (W.D. Ark. Oct. 26, 2018) (approving hourly rates of $275 for attorney Josh Sanford and $225 for attorney Steve Rauls); *Burchell v. Green Cab Co.*, No. 5:15-CV-05076, 2016 U.S. Dist. LEXIS 29474, at *4-5 (W.D. Ark. Mar. 8, 2016) (approving over the objection of the defendant the hourly rates of $290.00 for attorney Josh Sanford, $225.00 for other attorneys of Sanford Law Firm, and $60.00 for "staff"); *Miller v. Centerfold Entertainment Club, Inc.*, No. 6:14-cv-6074, Doc. No. 79, p. 5 (W.D. Ark. Filed Sept. 11, 2017) (approving hourly rates of $250 for attorney Josh Sanford; $200 for attorney Joshua West; and $225 for attorney Vanessa Kinney).

[6]      *See* Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees, *Estes v. Christopher Buell*, Case No. 4:18-cv-26-KGB, Doc. No. 47, p. 9 (E.D. Ark. Filed 04/17/2019).

Page 15 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

invoice). A table summarizing the charges by category, reflecting original and reduced charges, is set forth below:[7]

| Category | Actual Time | Actual Charge | Time Claimed | Amount Claimed | % Reduction |
|---|---|---|---|---|---|
| Amended Complaint | 7.2 | $1,897.50 | 3.8 | $987.50 | 47.22% |
| Case Management | 15.5 | $3,512.00 | 4.8 | $1,087.00 | 69.03% |
| Client Conference | 5.7 | $1,175.00 | 5.2 | $1,042.50 | 8.77% |
| Complaint/Summons/Service | 16.6 | $4,007.00 | 10.8 | $2,655.00 | 34.94% |
| Damages Calculations | 2.9 | $590.00 | 1.1 | $140.00 | 62.07% |
| Default Motion | 15.2 | $2,902.50 | 13.1 | $2,397.00 | 13.82% |
| Discovery | 2.9 | $702.50 | 2.8 | $670.00 | 3.45% |
| Fee Petition | 13.3 | $3,306.00 | 8.0 | $1,981.00 | 39.85% |
| In House Conference | 37.8 | $9,017.50 | 11.7 | $2,795.00 | 69.05% |
| Opposing Counsel Conference | 6.4 | $1,595.00 | 5.1 | $1,235.00 | 20.31% |
| Settlement Related | 9.5 | $1,877.50 | 9.2 | $1,795.00 | 3.16% |
| Grand Total | 133.0 | $30,582.50 | 75.6 | $16,785.00 | 43.16% |

SLF reduced billing in "a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," or simply to make billing more reasonable, and has reduced the fee request accordingly. *See Hensley*, 461 U.S. at 434; Decl. Sanford ¶ 45. For example, Plaintiff deducted or reduced items for which billing was insufficiently clear to describe how the time was spent, for clerical or administrative work, for a significant portion of in-house conferences, and for a significant portion of time related to case management, among other reductions. Decl. Sanford ¶ 45. A discussion of the types of work encompassed by the categories identified above is included in the Declaration of Josh Sanford (hereinafter "Decl. Sanford"). *See* Decl. Sanford ¶ 33–44. Deductions were made both at SLF's own discretion and to specifically address concerns expressed by this Court and other

---

[7]     The individual charges underlying the chart reflecting categories of charges is contained in the Billing Spreadsheet (Ex. 1).

Page 16 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

courts. The actual time spent on tasks and resulting fee amounts are reflected in the "Actual Time" and "Actual Charge" columns of the Billing Spreadsheet (Ex. 1), and billing after the exercise of discretion is reflected in the "Time Claimed" and "Amount Claimed" columns. The work reduced through the exercise of billing discretion was not necessarily unproductive, excessive or redundant; the billing records simply reflect Plaintiff's counsel's best judgment as to which line items can reasonably be trimmed (any billing entries that were found to be completely erroneous, such as billing from another case that was mistakenly added to this case, were deleted outright, and do not appear on the exhibit at all).

One category of billing that counsel for Plaintiff reduced dramatically is "In House Conference." This category includes conferences between attorneys of SLF, although some such conferences were included within a more specific category where appropriate. Decl. Sanford ¶ 36–38. Intra-firm conferences are a way to increase efficiency and promote the distribution of work to the attorney that can most efficiently or cost-effectively perform the work. *Id.*[8] As set forth above, conferences between attorneys are appropriate and can be used to progress a case efficiently. However, in *Burchell* and *Cook*, this Court addressed concerns about the number of intrafirm conferences and training of junior attorneys. 2019 U.S. Dist. LEXIS 96558, at *4, fn2; 2016 U.S. Dist. LEXIS 29474, at *7. Accordingly, reductions were made specifically to

---

[8]    *See also Myers v. Aitkin Cty.*, No. 14-473 (JRT/LIB), 2017 U.S. Dist. LEXIS 44680, at *7 (D. Minn. Mar. 27, 2017) ("Other circuits have found multiple attorneys billing for intra-firm conferences reasonable."); *United Cent. Bank v. Kanan Fashions, Inc.*, No. 10 CV 331, 2012 U.S. Dist. LEXIS 56130, at *23–24 (N.D. Ill. Apr. 23, 2012) ("Multiple lawyers, working together, may lead to more efficiency and reduced costs and as long as the meetings are appropriate and necessary and the billing is reasonable, the court will not exclude the hours.") (internal quotation and editing marks omitted); *Bowne of N.Y.C. v. AmBase Corp.*, 161 F.R.D. 258, 268 (S.D.N.Y. 1995) (recognizing that the refusal to award any fees "for intra-firm meeting time is contrary to law").

Page 17 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

target these concerns. Accordingly, the "In House Conference" category of work has been reduced by 69.05%.

In addition, the "Case Management" category of work was reduced by 69.03%. Case Management includes reviewing Intra-Office Memos (IOM) relating to deadlines and tasks to be completed in the case, as well as work such as reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other work that is necessary to the procedural, rather than substantive, aspects of the case. Decl. Sanford ¶ 41. Other categories of work were reduced to account for this Court's concerns about duplicative work. *See Burchell*, 2016 U.S. Dist. LEXIS 29474, at *7; Ex. 1, Billing Spreadsheet.

This Court has also expressed concerns about the number of attorneys working on cases. *Cook*, 2019 U.S. Dist. LEXIS 96558 at *4–5.[9] (expressing concerns that twelve attorneys had worked on the case). But SLF is ultimately able to increase efficiency by allowing attorneys who specialize in particular aspects of a case to participate where appropriate. Decl. Sanford ¶ 18, 45. For example, Attorney Stacy Gibson is particularly well-versed in handling FLSA settlements, and is therefore able to draft, review and analyze settlement agreements more quickly than other attorneys and without having to conduct the research that other attorneys might need to ensure adequate representation. *Id.* Attorney Steve Rauls is knowledgeable about damages calculations, and attorneys with SLF frequently consult with Attorney Rauls as a shortcut to creating damages spreadsheets. *Id.* Attorney Vanessa Kinney, having focused her practice primarily on FLSA litigation since 2010, has extensive knowledge

---

[9]    In *Cook*, the court expressed concerns that twelve attorneys had worked on the case, but SLF had only requested an award of fees for the billing of four of those twelve attorneys. 2019 U.S. Dist. LEXIS 96558 at *4–5. *See also Cook*, No. 2:18-CV-5225-PKH, Doc. No. 23, p. 6 (filed 04/22/2019).

Page 18 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

of the FLSA and is frequently involved in briefing, including appellate briefing, summary judgment motions, and fee petitions. *Id*. A review of the Billing Spreadsheet demonstrates that the number of attorneys working on a case does not necessarily lead to duplicative billing, but rather, SLF attorneys often perform the work for which they are best suited. *Id*; Ex. 1, Billing Spreadsheet.

One of SLF's strengths is its vast array of attorneys with specialized knowledge or particular areas of expertise that can participate in cases where their unique skill sets are appropriately utilized. Decl. Sanford ¶ 46. Not every SLF attorney must know everything about the FLSA, damages calculations, negotiation strategy, settlement agreements, or other aspects of litigation because every SLF attorney has access to all of the other SLF attorneys and their collective knowledge. *Id*. This saves time because individual attorneys can gain knowledge through brief conversations with other attorneys rather than through time-consuming legal research on an issue. *Id*. Even where legal research is required, the focus of that research can often be narrowed through consultation with other attorneys. *Id*. Again, to the extent that this collaboration results in excessive intrafirm conferences, this billing has been reduced accordingly.

After subtracting hours billed through the exercise of billing judgment, Plaintiff's counsel are requesting an award of fees for 76.2 hours of legal services. This compares favorably with fees awarded in other FLSA cases within Arkansas. *See, e.g.*, *Beauford*, 2014 U.S. Dist. LEXIS 5039 (866.2 hours found to be reasonable in a seven-plaintiff FLSA action); *Whitworth v. French Quarter Partners, LLC*, No. 6:13-CV-6003, 2014 U.S. Dist. LEXIS 131728, at *8 (W.D. Ark. Sept. 18, 2014) (297.9 hours found to be reasonable in a three-plaintiff FLSA action); *Madden v. Lumber One Home Ctr., Inc.*,

**Page 19 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

2013 U.S. Dist. LEXIS 183748, 16 (E.D. Ark. May 22, 2013) (234.36 hours found to be reasonable in a three-plaintiff FLSA action); *Pressler v. FTS USA*, LLC, 2011 U.S. Dist. LEXIS 62961, *1 (E.D. Ark. June 2, 2011) (222.55 hours found to be reasonable in a single-plaintiff FLSA action).

In all, SLF reduced their fees by $13,797.50 (43.16%) prior to filing their fee request. Plaintiff's efforts to voluntarily reduce fees further support the lodestar requested. SLF pursued Plaintiff's claims with prudence and efficiency. Counsel kept thorough records of their time and obtained an excellent result. Therefore, Plaintiff's request for attorneys' fees should be granted in full.

### B.   Plaintiff's Fee Request Should not be Reduced or Increased based on the *Johnson* Factors.

The *Johnson* factors should rarely be used to adjust the fee because many of them are subsumed within the calculation of the lodestar. *See Blum v. Stenson*, 465 U.S. 886, 898–900 (1984) (finding that "novelty and complexity of issues," "special skill and experience of counsel," quality of representation," and "results obtained" can be accounted for within the lodestar calculation); *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565–66 (1986) ("the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorneys' fee"); *Saizan v. Delta Concrete Prods. Co.*, Inc. 448 F.3d 795, 800 (5th Cir. 2006) ("The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account"); *Beauford*, 2014 U.S. Dist. LEXIS 5039 at *21–22. Because the lodestar amount accounts for any circumstances that might drive attorney's fees higher or lower in this particular case, the *Johnson* factors should not be used to raise or lower the lodestar. Nonetheless, the *Johnson* factors are addressed briefly below.

**Page 20 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

1.    *The time and labor required for the litigation*

As discussed above, counsel for Plaintiff reviewed the records of hours worked by Plaintiff's attorneys in this case, and adjusted for unproductive, excessive or redundant time entries. The time worked by Plaintiff's attorneys as reflected in the lodestar was reasonable and necessary to the advancement of this litigation. Decl. Sanford ¶¶ 28–30. Therefore, this factor is already reflected in the lodestar and cannot be used to again reduce the lodestar requested.

2.    *The skill required to perform the legal services properly*

SLF devotes a significant part of its practice, both in terms of time and money, to FLSA-based claims. Decl. Sanford ¶¶ 4–6, 8, 10–14 19, 24. Specialization, such as in labor and employment law, can support a higher than average rate. *See* e.g., *Autrey v. Food Concepts Int'l, LP*, No. 2:13-cv-131, 2017 U.S. Dist. LEXIS 46693, at *14 n.5 (S.D. Ohio Mar. 29, 2017); *Franklin*, 2019 U.S. Dist. LEXIS 96565 at *13. Therefore, this factor does not justify a downward deviation.

3.    *The customary fee.*

In determining a reasonable rate for purposes of awarding attorney's fees, including fees in FLSA cases, courts may consider rates awarded in other cases. Accordingly, the case law discussed above regarding billing rates awarded in other cases confirms the reasonableness of the rates claimed by Plaintiff's counsel.

Where specialized areas of the law are concerned, "the national market may provide a reasonable hourly rate." *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1192 (N.D. Iowa 2003). In the FLSA case *Little v. Tech. Specialty Prods. LLC*, the court awarded hourly rates of $495.00 to an attorney with approximately 40 years of

**Page 21 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

experience and $375.00 to an attorney with 20 years of experience—both attorneys had expertise in labor and employment matters. 2014 U.S. Dist. LEXIS 105069 *16–18 (E.D. Tex. July 30, 2014). The court cited numerous cases with similar awards. *Id.* at *17–18.[10]

Further, SLF is familiar with the rates charged by attorneys in the Little Rock area, and the hourly rates utilized are reasonable and in line with those rates, as well as rates previously awarded by district courts in the Eastern District of Arkansas. Decl. Sanford ¶¶ 15, 16, 22, 23. SLF took this information, as well as the skill and experience of its own attorneys and other *Johnson* factors, into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶¶ 15, 16, 22–28. Therefore, neither an upward nor downward adjustment to the lodestar would be appropriate in this case based on this factor.

4.    *Whether the fee is fixed or contingent.*

In this case, the contingent nature of the fee is captured in the hourly rate requested. Decl. Sanford ¶¶ 16, 22–25; *see also Fox v. Pittsburg State Univ.*, No. 2017 U.S. Dist. LEXIS 97879, at *45 (D. Kan. June 26, 2017) (recognizing that while the "contingent nature of the fee does not justify enhancement of the lodestar *after* it has been calculated, . . . the contingency risk should be reflected in the lodestar in the form of a higher hourly rate for the attorney skilled and experienced enough to overcome" the

---

[10]    *See also West v. Border Foods, Inc.*, 2007 U.S. Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (FLSA case with attorney rates ranging from $550-$275 and a non-attorney rate of $125); *Chan v. Sung Yue Tung*, 2007 U.S. Dist. LEXIS 33883, *9–12 (S.D.N.Y. May 7, 2007) (FLSA case: Senior Partner $450; Senior Associate $300; Associate $200; Law clerk/Pre-admitted law school graduate $100; Paralegal $50–$150); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, *65–66 (D.N.J. July 10, 2006) (FLSA case utilizing "mixed" hourly attorney rate of $353.63) (not designated for publication).

Page 22 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

financial risk of prosecuting a case on a contingency basis, "including delayed payment and the contingency fee agreement").

The "contingency" fee award sought by SLF in this case is not a contingency fee in the traditionally used sense whereby an attorney takes a portion of the plaintiff's recovery. Decl. Sanford ¶ 24. Rather, SLF relies on the fee-shifting provisions of the FLSA to recover their fees in this case. *Id.* As set forth above, the fee-shifting provisions of the FLSA serve the important public purpose of providing for enforcement of the FLSA's wage protections by employees through their own private counsel. *United Slate, Local 307*, 732 F.2d at 501–02; *Quaratino*, 166 F.3d at 426; *see also* 29 U.S.C.S. § 202 (stating the purpose of the act).

SLF pursued the FLSA case without payment throughout the litigation. If Plaintiff were to recover nothing, SLF would also recover nothing. SLF must now separately petition the Court to recover fees pursuant to 29 U.S.C. § 216(b). Having to petition for fees in this case, despite having worked throughout the litigation without pay, the best SLF can hope to recover is actual fees. Although fees may be increased somewhat under the *Johnson* factors, fees are also subject to reduction based on the Court's determination of whether each billing entry was "reasonable"—a determination made in hindsight. In other words, after taking the risk of pursuing litigation without payment, Plaintiff's counsel hope to recover actual fees, but may receive less; meanwhile, payment is delayed for months as a case proceeds. *Id.* at ¶ 24, 25. Therefore, this factor does not support a downward deviation from the lodestar, and in fact supports an upward deviation.

**Page 23 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

5.      *The amount involved and the result obtained.*

Plaintiff successfully pursued this case and obtained a Judgment against Defendants. Therefore, Plaintiff was successful, and this factor does not support a downward deviation from the lodestar.

The "results obtained" factor does not allow a district court to reduce an award based on the ratio between how much money was sought and ultimately awarded. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (noting that a court cannot rely purely on some subjective "notion of the correct ratio between the amount of attorney's fees and the amount the litigants recovered"). In fact, the United States Supreme Court and the Eighth Circuit have explicitly rejected a rule of proportionality. *Rivera*, 477 U.S. at 578 ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."); *Simpson*, 441 F.3d at 580–81 (rejecting the defendant's proportionality argument).

Correspondingly, the "degree of success" factor does not give district courts discretion to reduce an award based on the absolute number of dollars awarded. *See Hensley*, 461 U.S. at 434–436; *Jenkins*, 127 F.3d at 716. After all, an award of an attorney's fee encourages the vindication of congressionally identified policies and rights that cannot be valued solely in monetary terms. *Blanchard*, 489 U.S. at 96 .

In *Simpson*, the district court awarded the plaintiff an attorney's fee under the Equal Pay Act (which is part of the FLSA), reducing the requested amount by twenty percent. 441 F.3d at 580. On appeal, the defendant argued "that the percentage of attorney's fees awarded should reflect the percentage of relief obtained versus that

**Page 24 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

sought." *Id.* The Court rejected the defendant's argument, noting that the Eighth Circuit has "explicitly rejected a 'rule of proportionality' in civil rights cases because tying the attorney's fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court." *Id.* at 581; *see also Singer v. City of Waco*, 2001 U.S. Dist. LEXIS 27106, at *10 (W.D. Tex. Nov. 13, 2001).

6. *The experience, reputation and ability of the attorneys.*

SLF is experienced in FLSA-based litigation, and has represented individual plaintiffs as well as classes on state-wide, regional and national levels, through both settlement and trial. Decl. Sanford ¶¶ 4–6, 8, 10–14, 18, 19. Attorney Josh Sanford has been practicing law full time since 2001 and is a founding member of Sanford Law Firm, PLLC, where he manages all other members of the firm, and he is licensed to practice in several courts. *Id.* ¶¶ 2, 3, 7. Plaintiff's other attorneys are also highly qualified. *Id.* ¶ 18. The experience, reputation and ability of Plaintiff's attorneys support the lodestar amount requested.

7. *Awards in similar cases.*

Reasonable hourly rates for attorneys in similar cases are discussed above in relation to the "customary fee" awarded. More relevant to this topic, fee shifting is most important in cases where workers cannot afford to pay an attorney's normal rate and the damages are too low to yield a sufficient contingent fee. *See Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-shifting provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements"). Indeed,

**Page 25 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

if attorney's fees were limited by the amount of unpaid wages, many FLSA violations in this nation would go un-vindicated because the economics would prevent workers from obtaining counsel.

"Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples," as the fees awarded in wage cases demonstrate. *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) ($23,357.30 in damages and $129,805.50 in attorney's fees) (citing *Fegley*, 19 F.3d at 1134-35); *see also* cases cited in Section II.A, *supra*. As set forth above, this type of disparity between the award and fees incurred is wholly appropriate and normal in wage cases. That is, where the stakes of wage litigation are low, the defendant runs up the bill at its own risk.

### C.    Plaintiff's Costs and Expenses were Reasonably Incurred.

Lastly, Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of

**Page 26 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**

litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).[11]

Plaintiff seeks $1,095.00 in costs. The costs are itemized in Plaintiff's Costs Invoice (Ex. 3) and consist of filing fees and service costs. These costs are typical of any civil litigation and should be recovered by the prevailing party as a matter of course. The amount is correct and was necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 48–49. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiff requests an award of all costs.

## IV.      CONCLUSION

Because SLF has submitted complete documentation of the hours reasonably expended in litigating this case and its attorneys have billed their time at reasonable rates, the lodestar fee is easily calculated and SLF is entitled to the strong presumption that the lodestar fee should be awarded in full. Plaintiff's counsel are skilled attorneys with particular experience in FLSA cases. They took up the cause of a low wage earner who was not able to pay for legal services and bore the cost of over a year of litigation. To satisfy Congress's intent that private attorneys should be encouraged to enforce the FLSA even on behalf of low-earning workers, Plaintiff's counsel should be awarded compensation commensurate with what they would have received from a paying client. Therefore, Plaintiff respectfully requests that his Motion for Costs and Attorneys' Fees

---

[11]      *See also Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016); *Mancia v. JJ Chan Food, Inc.*, 2016 U.S. Dist. LEXIS 113134, at *12-14 (N.D. Tex. June 21, 2016) (Stickney, M.J.) (adopted at *Mancia v. JJ Chan Food, Inc.*, 2016 U.S. Dist. LEXIS 112591 (N.D. Tex. Aug. 24, 2016)).

Page 27 of 28
Thomas Reynolds v. Siloam Springs Country Club, Inc., et al
U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH
Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees

be granted in its entirety and that Defendants be ordered to pay attorneys' fees of $16,785.00 and costs of $1,095.00, for a total of $17,880.00.

Respectfully submitted,

**PLAINTIFF THOMAS REYNOLDS**

SANFORD LAW FIRM, PLLC
KIRKPATRICK PLAZA
10800 FINANCIAL CENTRE PKWY
SUITE 510
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 28 of 28**
**Thomas Reynolds v. Siloam Springs Country Club, Inc., et al**
**U.S.D.C. (W.D. Ark.) Case No. 5:19-cv-5217-PKH**
**Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees**